**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB **1 3** 2020

JAMES W. McCORMACK, CLERK
By: _____
PLAINTIFF          DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DEMARIUS ROBERTS, Individually and on
Behalf of All Others Similarly Situated**

vs.                                  No. 4:19-cv-812-KGB

**RREAF HOLDINGS, LLC, and                          DEFENDANTS
PLACE 10 RESIDENTIAL PM, LLC**

## FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Demarius Roberts ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, and for his First Amended and Substituted Complaint—Collective Action against Defendants RREAF Holdings, LLC, and Place 10 Residential PM, LLC ("Defendants"), he states and alleges as follows:

### I.  PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff Demarius Roberts, individually and on behalf of all other hourly-paid employees who worked more than forty hours per week and received commissions at any time within a three-year period preceding the filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of

Defendants' failure to pay Plaintiff and all other hourly-paid employees who received commissions lawful overtime compensation for hours in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

4. The purpose of this amendment is to add Place 10 Residential PM, LLC, as a Defendant.

## II.   **JURISDICTION AND VENUE**

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Plaintiff's claim under the AMWA forms part of the same case or controversy and arises out of the same facts as the FLSA claims made herein.

7. This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

8. Defendants conduct business in this District and a substantial part of the events alleged herein occurred in this District.

9. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

### III.   <u>**THE PARTIES**</u>

11.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Plaintiff is a citizen and resident of Pulaski County.

13.     Plaintiff was hired by Defendants as an hourly employee at Defendants' Beacon Hill apartment complex during the three years preceding the filing of this Complaint.

14.     During Plaintiff's employment, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA and the AMWA and paid Plaintiff an hourly wage.

15.     At all times material hereto, Plaintiff was entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

16.     At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

17.     Separate Defendant RREAF Holdings, LLC, is Texas limited liability company headquartered in Dallas offering management services for apartment complexes primarily across the South, Southeast and Southern Atlantic regions of the United States, including this judicial district.

18.     Separate Defendant RREAF Holdings, LLC, should be served by its registered agent for service, namely Webb M. Sowden, III, 4228 North Central Expressway, Suite 110, Dallas, Texas 75206.

19.     Separate Defendant RREAF Holdings, LLC, has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce such as such as computer equipment and mobile phones.

20.     At all relevant times, Separate Defendant RREAF Holdings, LLC, continuously employed at least four (4) employees.

21.     At all relevant times, Separate Defendant RREAF Holdings, LLC's, gross volume of sales made or business done has exceeded $500,000.00 per year.

22.     Separate Defendant Place 10 Residential PM, LLC, is a Texas limited liability company that owns and operates the apartment complexes managed by Separate Defendant RREAF Holdings, LLC.

23.     Separate Defendant Place 10 Residential PM, LLC, should be served by its registered agent for service, namely Registered Agents, Inc., 701 South Street, Suite 100, Mountain Home, Arkansas 72653.

24.     Separate Defendant Place 10 Residential PM, LLC's, annual gross volume of sales made or business done is not less than $500,000.00.

25.     Separate Defendant Place 10 Residential PM, LLC, has employees engaged in interstate commerce.

26.     Separate Defendant Place 10 Residential PM, LLC, has more than four (4) employees.

27.     Upon information and belief, Separate Defendant RREAF Holdings, LLC, is the management services enterprise over Place 10 Residential PM, LLC.

28.   Separate Defendant Place 10 Residential PM, LLC, owns and operates apartment complexes which Separate Defendant RREAF Holdings, LLC, then manages.

29.   Upon information and belief, Separate Defendant RREAF Holdings, LLC, controls or has the right to control the day-to-day operations of Separate Defendant Place 10 Residential PM, LLC, such that it is liable to Plaintiff as an employer under the FLSA.

30.   Defendants RREAF Holdings, LLC, and Place 10 Residential PM, LLC, constitute an integrated enterprise because Defendants' related activities of jointly owning, operating and managing apartment complexes are for a common purpose within the meaning of the FLSA, 29 U.S.C. § 203(r).

31.   Defendants RREAF Holdings, LLC, and Place 10 Residential PM, LLC, acted jointly as the employer of Plaintiff and the proposed collective members and have been engaged in interstate commerce as that term is defined under the FLSA and the AMWA at all times relevant to this lawsuit.

## IV.   **FACTUAL ALLEGATIONS**

32.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

33.   Plaintiff has worked for Defendants as both a leasing agent and an assistant manager at Defendants' apartment complex in Little Rock since June of 2018.

34.   As both a leasing agent and an assistant manager, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA and the AMWA and paid him an hourly rate.

35.     Plaintiff worked in excess of forty (40) hours per week on a regular, typical basis while working for Defendants.

36.     Defendants paid Plaintiff an hourly rate plus 1.5 times Plaintiff's hourly rate for all hours worked over forty per week.

37.     In addition to Plaintiff's hourly rate, Defendants paid Plaintiff commissions based on objective and measurable sales criteria.

38.     As part of its property management services, Defendant hires employees in various other hourly-paid positions including leasing agents and an assistant managers (collectively "hourly positions").

39.     These positions, which are considered non-exempt from the overtime requirements of the FLSA and the AMWA, receive an hourly wage plus 1.5 times the hourly rate for all hours worked over forty per week.

40.     These hourly positions also receive commissions based on objective and measurable sales criteria.

41.     For at least one workweek, Defendants failed to include Plaintiff's and other hourly position employees' commissions in the calculation of their overtime rate for weeks in which Plaintiff and other hourly position employees earned a commission and worked more than forty hours per week.

42.     Section 778.208 of Title 29 of the Code of Federal Regulations requires all forms of compensation, such as commissions, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

43.     Defendants violated the FLSA and the AMWA by not including all forms of compensation, such as commissions for Plaintiff and the other hourly-paid employees in their regular rate when calculating their overtime pay.

44.     Plaintiff worked for Defendants at Defendants' apartment complex in Little Rock and Defendants' pay practices were the same for all hourly workers at the Little Rock apartment complex.

45.     The pay practices that violate the FLSA and the AMWA alleged herein were the same at all of Defendants' apartment complexes because the policy was a centralized human resources policy implemented uniformly from Defendants' principal office in Dallas.

46.     Defendants knew or showed reckless disregard for whether the way they paid Plaintiff violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

47.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

48.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

49.     Plaintiff brings his FLSA claim on behalf of all other hourly-paid employees who were paid commissions and were employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

B.      Liquidated damages; and

C.      Attorney's fees and cost.

50.     The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

51.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B.      They were paid hourly rates;

C.      They recorded their time in the same manner; and

D.      They were paid commissions; and

E.      They were subject to Defendants' common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

52.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 100 persons.

53.     Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action Plaintiff are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first

class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

54.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

55.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

56.     Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including commissions, for Plaintiff in his regular rate when calculating his overtime pay.

57.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

58.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

59.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

60.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

61.     Plaintiff brings this collective action on behalf of all hourly-paid employees who were paid commissions by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

62.     Plaintiff brings this action on behalf of himself and all hourly-paid employees who were paid commissions, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

63.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

64.     Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as commissions, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

65.     In the past three years, Defendants have employed more than one hundred (100) hourly-paid employees who were paid commissions.

66.     Like Plaintiff all or almost all hourly-paid employees who were paid commissions regularly worked more than forty (40) hours in a week.

67.     Defendants failed to pay these workers at the proper overtime rate.

68.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

**Each hourly employee within the three years preceding the filing of the Complaint to whom Defendants paid a commission for a sale made or a target met in at least one week in which the employee worked more than forty hours.**

69.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

70.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

71.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

72.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

73.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

74.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

75.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty

(40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

76.     Defendants failed to pay Plaintiff all minimum wages and overtime wages owed, as required under the AMWA.

77.     Defendants' failure to include commissions in Plaintiff's overtime pay resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

78.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

79.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

80.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Demarius Roberts respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A.      That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B.     A declaratory judgment that Defendants' practices violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

C.     A declaratory judgment that Defendants' practices violate the AMWA and the related regulations;

D.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.     Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

F.     Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

G.     Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

H.     Judgment for liquidated damages pursuant to the AMWA and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

I.     An order directing Defendants to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**DEMARIUS ROBERTS, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com