IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEMARIUS ROBERTS, Individually and on**     **PLAINTIFFS**
**Behalf of All Others Similarly Situated**

v.           Case No. 4:19-cv-00812-KGB

**RREAF HOLDINGS, LLC, and**     **DEFENDANTS**
**PLACE 10 RESIDENTIAL PM, LLC**

## ORDER

Plaintiff Damarius Roberts, individually and on behalf of all others similarly situated, brings this action against defendants RREAF Holdings, LLC and Place 10 Residential PM, LLC ("Place 10") (Dkt. No. 1). Mr. Roberts filed his first amended and substituted complaint—collective action ("amended complaint") (Dkt. No. 12). In his amended complaint, Mr. Roberts alleges that defendants failed to pay Mr. Roberts and all other similarly situated employees lawful overtime compensation for hours worked in excess of 40 per week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq.* (*Id.*, ¶ 2). The parties stipulated subsequently to the dismissal of separate defendant RREAF Holdings, LLC, and the Court adopted the joint stipulation of dismissal (Dkt. Nos. 34, 36).

Before the Court is the parties' joint stipulation regarding conditional certification and notice to class members (Dkt. No. 30). For the following reasons, the Court adopts the parties' joint stipulation to certify conditionally a collective action and notice to class members for settlement purposes (*Id.*).

I.     **Factual Background**

Mr. Roberts avers that he was employed by Place 10 during the three years preceding the filing of his complaint (Dkt. No. 12, ¶ 13).  Mr. Roberts worked as a leasing agent and an assistant manager at Place 10's apartment complex (*Id*., ¶ 33).  Mr. Roberts states that Place 10 classified him as non-exempt from the overtime requirements of the FLSA and AMWA and paid him an hourly rate (*Id*., ¶ 34).  Mr. Roberts states that he worked in excess of 40 hours per week on a regular, typical basis while working for Place 10 (*Id*., ¶ 35).  Mr. Roberts asserts Place 10 paid him an hourly rate plus one and a half times his hourly rate for all hours worked over 40 per week and, in addition, paid him commissions based on objective and measurable sales criteria (*Id*., ¶¶ 36, 37).  Mr. Roberts states that, as part of its property management services, Place 10 hires employees in various other hourly-paid positions including leasing agents and assistant managers (collectively "hourly positions") (*Id*., ¶ 38).  He states that the hourly positions are considered non-exempt from the overtime requirements of the FLSA and AMWA and received an hourly wage plus one and a half times the hourly rate for all hours worked over 40 hours per week and that these positions also received commissions based on objective and measurable sales criteria (*Id*., ¶¶ 39, 40).  Mr. Roberts claims that, for at least one workweek, Place 10 failed to include plaintiffs and other hourly position employees' commissions in the calculation of their overtime rate for weeks in which he and other hourly position employees earned a commission and worked more than 40 hours per week (*Id*., ¶ 41).  Mr. Roberts states that Place 10's pay practices were the same for all hourly workers at the Little Rock apartment complex (*Id*., ¶ 44).  Mr. Roberts also asserts that the pay practices were the same at all of Place 10's apartment complexes because the policy "was a centralized human resources policy implemented uniformly" (*Id*., ¶ 45).  Mr. Roberts estimates

that there are at least 100 other individuals who were subject to Place 10's common policy of calculating overtime pay for hours worked over 40 hours per week (*Id.*, ¶ 52).

## II. Analysis

In their joint stipulation, the parties ask the Court to enter an order approving the terms of the joint stipulation and certify conditionally a proposed FLSA class (Dkt. No. 30, at 3). For the purposes of conditional certification and notice only, the parties jointly stipulate to an opt-in class as follows: "[a]ll current and former hourly-paid employees of Place 10 Residential PM, LLC, a Delaware limited liability company ('Place 10'), employed from November 1, 2018 to December 31, 2019 to whom Place 10 paid a commission or bonus based on leasing sales made or a sales targets achieved in any such workweek that they also worked more than forty hours." (*Id.*, ¶ 3).

### A. FLSA Conditional Certification

Under the FLSA:

> An action to recover the liability prescribed . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Many district courts in the Eighth Circuit utilize a two-step approach in collective action cases. At the notice stage, the Court must determine, based on the pleadings and affidavits, whether notice should be given to potential class members. The key issue is whether the members of the proposed class are similarly situated. If the Court allows notification, then a representative class is conditionally certified, and plaintiffs will send notice to the putative opt-in plaintiffs. At the second stage, the Court determines whether to decertify the class once discovery is largely complete. *Smith v. Frac Tech Services, Ltd.*, Case No. 4:09-cv-679, 2009 WL 4251017, at *2

3

(E.D. Ark. Nov. 24, 2009) (citation omitted).  This Court has previously adopted this approach. *See McChesney v. Holtger Bros., Inc.*, Case No. 4:17-cv-824, 2019 WL 118408, at *2 (E.D. Ark. Jan. 7, 2019); *Cruthis v. Vision's*, Case No. 4:12-cv-244, 2013 WL 4028523, at *1-2 (E.D. Ark. Aug. 7, 2013); *Watson v. Surf-Frac Wellhead Equip. Co.*, Case No. 4:11-cv-843, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012).

"'To establish that conditional certification is appropriate, the plaintiff[] must provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'" *Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp. 3d 1012, 1018 (S.D. Iowa 2016) (alteration in original) (quoting *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97, 99 (S.D. Iowa 2008)).  Plaintiffs' factual burden at this stage is not onerous. *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010).  Plaintiffs' burden at the notice stage is lenient and may be met by making a "modest factual showing," typically by the submission of affidavits, that he and the putative class were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion. *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 941 (W.D. Ark. 2007) (citing *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1106-08 (10th Cir. 2001)).  However, while this is a "lenient standard, . . . 'more than mere allegations' are required." *Tegtmeier*, 208 F. Supp. 3d at 1018 (quoting *Robinson*, 254 F.R.D. at 99).

"Typically, district courts will make the determination of whether to conditionally certify a class based solely on the affidavits presented by the plaintiffs." *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008) (citation omitted).  The Court can consider a variety of non-exclusive factors in determining whether employees are similarly situated.  Such factors include:  (1) whether the employees held the same job title; (2) whether they worked in the

same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the employees were subjected to the same policies and practices and, if so, whether the policies and practices were established in the same manner and by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar. *Stone v. First Union Corp.*, 203 F.R.D. 532, 542-43 (S.D. Fla. 2001) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1090, 1097-99 (11th Cir. 1996)).  "The Court does not need to determine whether class members are *actually* similarly situated until the 'merits stage' of the litigation, when defendants typically move to decertify the class." *Tinsley v. Covenant Care Servs., LLC*, Case No. 1:14-cv-00026-ACL, 2015 WL 1433988, at *1 (E.D. Mo. Mar. 27, 2015) (emphasis in original) (citing *Littlefield*, 679 F. Supp. 2d at 1016-17).

The parties have agreed to the conditional certification of the collective action for settlement purposes only and have agreed that Place 10 may reserve its right to contest collective treatment of this case in the event:  (1) a settlement is not entered into; (2) the Court does not approve the terms of the parties' proposed settlement, if requested; or (3) the Court does not enter a final order dismissing the case with prejudice (Dkt. No. 30, ¶ 4).

### B. Notice And Disclosure Of Contact Information

The parties request that this Court permit Mr. Roberts to provide notice to potential opt-in plaintiffs through U.S. mail (*Id.*, ¶ 5).  The parties have submitted a proposed notice and a proposed consent to join (Dkt. Nos. 30-1; 30-2).  The parties stipulate that Place 10 will produce a list of the members of the proposed collective in an electronic, editable format within seven days after the Court's entry of this Order (Dkt. No. 30, ¶ 6).  The parties stipulate that Mr. Roberts shall have a

period of 45 days following Place 10's production of the list of collective members to distribute the notice and file consent to join forms with this Court (*Id.*, ¶ 7).

The Court adopts the joint stipulations regarding conditional certification and notice to class members (*Id.*). The Court orders Place 10 to produce a list of members of the proposed collective in an electronic, editable format within seven days after the Court's entry of this Order. After receiving such information, Mr. Roberts shall have 45 days to distribute notice and file opt-in consent forms with the Court. The parties' proposed written notice and consent forms are acceptable (Dkt. Nos. 30-1; 30-2).

### III. Conclusion

For the reasons discussed above, the Court adopts the parties' joint stipulation regarding conditional certification and notice to class members (Dkt. No. 30). The Court conditionally certifies the following class:

> All current and former hourly-paid employees of Place 10 Residential PM, LLC, a Delaware limited liability company ("Place 10"), employed from November 1, 2018 to December 31, 2019 to whom Place 10 paid a commission or bonus based on leasing sales made or a sales targets achieved in any such workweek that they also worked more than 40 hours.

Place 10 shall have seven days from the date of entry of this Order to produce a list of members of the proposed collective in an electronic, editable format. Mr. Roberts shall have 45 days from the date that Place 10 provide this information to distribute notice to the potential opt-in plaintiffs and to file copies of the consent forms with the Court. Mr. Roberts may provide notice to the class of individuals consistent with the terms of this Order.

It is so ordered, this the 18th day of October, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Court Judge