IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DEMARIUS ROBERTS, Individually and on      PLAINTIFF
Behalf of All Others Similarly Situated

vs.     No. 4:19-cv-812-KGB

PLACE 10 RESIDENTIAL PM, LLC     DEFENDANT

## JOINT MOTION TO DISMISS AND FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Demarius Roberts, individually and on behalf of those who opted in to this lawsuit, and Defendant Place 10 Residential PM, LLC, by and through their respective undersigned counsel, jointly submit this Joint Motion to Dismiss and for Approval of Settlement Agreement:

### I. INTRODUCTION

This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. for unpaid overtime wages. Plaintiff Demarius Roberts ("Named Plaintiff") brought the lawsuit on behalf of himself and other current and former employees of Defendant, alleging that Defendant incorrectly calculated their overtime pay in those weeks that they received a commission or bonus for a sale made or sales target achieved and also worked more than forty hours, and as a result, failed to pay them a proper overtime premium for all hours worked over forty per week. Defendant disputes these allegations, arguing that Plaintiff Demarius Roberts and others purportedly similarly situated received all overtime compensation due to them.

On October 18, 2021, the Court conditionally certified the following collective class:

Page 1 of 7
**Demarius Roberts, et al. v. Place 10 Residential PM, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:19-cv-812-KGB**
**Joint Motion to Dismiss and for Approval of Settlement Agreement**

**All current and former hourly-paid employees of Place 10 Residential PM, LLC, a Delaware limited liability company ("Place 10"), employed from November 1, 2018 to December 31, 2019 to whom Place 10 paid a commission or bonus based on leasing sales made or sales targets achieved in any such workweek that they also worked more than 40 hours.**

*See* ECF No. 37.

In all, 42 individuals have submitted Consent to Join forms, joining the lawsuit as party-plaintiffs. Of those 42 individuals, only 14 were employed and worked overtime during the period set by the class definition. Counsel for Plaintiff is filing a Notice of Withdrawal of Consent for the remaining 28 individuals concurrently with this Motion. Following arm's-length negotiations between experienced counsel, the Parties have reached a settlement which resolves the claims of the Named Plaintiff as well as the 14 other individuals who submitted Consent to Join forms and meet the class definition (the "Opt-In Plaintiffs," and, together with Named Plaintiff, "Plaintiffs"). A fully-executed copy of the Parties' Settlement Agreement and Release and Appendix 1 ("Agreement") thereto is attached to this Motion as Exhibit 1. The Parties believe their proposed settlement agreement represents a fair and reasonable resolution of their legal and factual disputes.

## II.     ARGUMENT

Because the FLSA confers non-waivable rights on employees, courts typically review settlements of wage claims to ensure that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n.8 (11th Cir. 1982). Court review "ensures that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Cruthis v. Vision's*, No. 4:12-cv-00244-KGB, 2014 U.S. Dist. LEXIS 117901, at *2 (E.D. Ark. Aug. 19, 2014). If the

Page 2 of 7
Demarius Roberts, et al. v. Place 10 Residential PM, LLC
U.S.D.C. (E.D. Ark.) No. 4:19-cv-812-KGB
Joint Motion to Dismiss and for Approval of Settlement Agreement

proposed settlement is a reasonable compromise of contested issues, the court should approve the settlement:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The Eighth Circuit has recently cast doubt on whether settlements of wage claims require court review. In *Melgar v. OK Foods*, the court acknowledged "an apparent circuit split as to whether private settlements relating to FLSA claims require district court review," and declined to decide the question. No. 17-2612, 2018 U.S. App. LEXIS 24501, at *8 (8th Cir. Aug. 29, 2018); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019). In any case, the *Melgar* court reiterated its "tradition of encouraging settlement between private parties." *Id.* at *6. Nonetheless, to ensure that their settlement agreement is enforceable, the Parties request this Court's review and approval of their Agreement.

The Parties' settlement agreement is the product of arm's length negotiations in good faith between experienced counsel. As part of settlement negotiations, the Parties exchanged informal discovery and damages calculations regarding Defendant's timekeeping and payroll records. After the Parties reached a settlement in principle, they exchanged drafts of the settlement agreement until both Parties were satisfied with the version now before this Court. Both Parties were represented throughout the litigation by counsel experienced in litigating wage disputes.

Page 3 of 7
Demarius Roberts, et al. v. Place 10 Residential PM, LLC
U.S.D.C. (E.D. Ark.) No. 4:19-cv-812-KGB
Joint Motion to Dismiss and for Approval of Settlement Agreement

A. *The Settlement Agreement Resolves Bona Fide Factual and Legal Disputes.*

To arrive at their settlement agreement, the Parties reached compromises of many bona fide factual and legal disputes. First, the Parties disagreed over the correct employer of Plaintiffs. Second, the Parties disagreed about the nature of bonuses Plaintiffs received—specifically, whether the bonuses were nondiscretionary. Bona fide disputes exist as to the bases of the unpaid wage claims themselves, and this settlement resolves those disputes.

Another point of contention is whether Defendant is liable for liquidated damages. In addition to their unpaid wages, FLSA plaintiffs are entitled to an equal amount as liquidated damages. 29 U.S.C. § 216(b). However, the employer can avoid liquidated damages by showing that it acted in good faith and with reasonable grounds for believing that it was not in violation of the FLSA. *Jarrett v. ERC Props.*, 211 F.3d 1078, 1083 (8th Cir. 2000). The Parties have given Plaintiffs the benefit of the doubt as to liquidated damages, as Plaintiffs are receiving their full calculated lost wage damages as well as an equal amount in liquidated damages.

B. *The Terms of the Settlement Agreement are Fair and Reasonable.*

In negotiating the compromise now before the Court, counsel for the Parties evaluated Plaintiffs' documented hours of work, Plaintiffs' likelihood of success in litigating the disputed issues above, and the expense of trying Plaintiffs' claims. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, a trial, and, potentially, an appeal. The Parties believe that the settlement to be paid by Defendant will fairly compensate each Plaintiff in an amount that equals or exceeds what each was likely to

Page 4 of 7
Demarius Roberts, et al. v. Place 10 Residential PM, LLC
U.S.D.C. (E.D. Ark.) No. 4:19-cv-812-KGB
Joint Motion to Dismiss and for Approval of Settlement Agreement

obtain at trial. The settlement agreement allocates to each Plaintiff the full amount of alleged improperly calculated overtime reflected in Defendant's timekeeping records, plus an equal amount in liquidated damages. For individuals with less than $20.00 in calculated damages, a settlement minimum of $20 was given. The total settlement amount to Plaintiffs is $2,452.24, and the allocation for each Plaintiff is set forth in Appendix 1 to the Agreement.

The non-monetary terms of the Agreement go only so far as necessary to resolve the claims raised in Plaintiffs' lawsuit. Opt-In Plaintiffs will release any claims based upon the facts and allegations set forth in this lawsuit, but not any unrelated claims they may have against Defendant. Named Plaintiff is receiving additional value in the form of a service award for identifying and bringing the lawsuit, his efforts obtaining a settlement for the Opt-In Plaintiffs, and agreement to a general release of claims against Defendant. The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Agreement.

Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The Parties believe that the attorneys' fees and costs to be paid to Plaintiffs' counsel were "separately negotiated" as contemplated by *Barbee.* 927 F. 3d at 1027. Specifically, the Parties agreed that a class would be stipulated to, and that Defendant would pay the full claims of those who opted in prior to Plaintiff's counsel sending a demand for attorney fees and costs. Attorneys' fees are not a tax on the recovery to Plaintiffs because they are receiving the

Page 5 of 7
Demarius Roberts, et al. v. Place 10 Residential PM, LLC
U.S.D.C. (E.D. Ark.) No. 4:19-cv-812-KGB
Joint Motion to Dismiss and for Approval of Settlement Agreement

uncompromised value of their claim. Accordingly, the Parties do not believe the Court should review or evaluate the agreed attorneys' fees and costs.

### III.     CONCLUSION

The Parties reached their settlement agreement after a thorough review of Plaintiffs' available time and pay records, motion practice, and arm's length settlement negotiations. Because the settlement agreement is a reasonable compromise of bona fide disputes over contested issues, the Parties respectfully request that this Court approve the settlement agreement, dismiss Plaintiffs' claims with prejudice, and retain jurisdiction in this matter for the sole purpose of enforcing the settlement agreement.

**Page 6 of 7**
**Demarius Roberts, et al. v. Place 10 Residential PM, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:19-cv-812-KGB**
**Joint Motion to Dismiss and for Approval of Settlement Agreement**

Respectfully submitted,

**DEMARIUS ROBERTS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and **DEFENDANT PLACE 10 RESIDENTIAL PM, LLC**

KUTAK ROCK LLP
124 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3706
Telephone: (501) 975-3000
Facsimile: (501) 975-3001

*/s/ Ashley W. Hudson*
Ashley W. Hudson
ashley.hudson@kutakrock.com

Page 7 of 7
Demarius Roberts, et al. v. Place 10 Residential PM, LLC
U.S.D.C. (E.D. Ark.) No. 4:19-cv-812-KGB
Joint Motion to Dismiss and for Approval of Settlement Agreement