IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEMARIUS ROBERTS, Individually and on**     **PLAINTIFFS**
**Behalf of All Others Similarly Situated**

v.                Case No. 4:19-cv-00812-KGB

**RREAF HOLDINGS, LLC, and**     **DEFENDANTS**
**PLACE 10 RESIDENTIAL PM, LLC**

## ORDER

Plaintiff Demarius Roberts, individually and on behalf of all others similarly situated, brought this action against defendants RREAF Holdings, LLC and Place 10 Residential PM, LLC ("Place 10") (Dkt. No. 1). Mr. Roberts filed his first amended and substituted complaint—collective action ("amended complaint") (Dkt. No. 12). In his amended complaint, Mr. Roberts alleges that defendants failed to pay Mr. Roberts and all other similarly situated employees lawful overtime compensation for hours worked in excess of 40 per week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq.* (*Id.*, ¶ 2). The parties stipulated subsequently to the dismissal of separate defendant RREAF Holdings, LLC, and the Court adopted the joint stipulation of dismissal (Dkt. Nos. 34, 36).

Before the Court is the parties' joint motion to dismiss and for approval of settlement agreement (Dkt. No. 44). The parties attach the Collective Action Settlement Agreement And Release ("Settlement Agreement") to the joint motion for the Court's review (Dkt. No. 44-1). The Court notes that the Settlement Agreement involves Mr. Roberts individually and on behalf of all individuals who have filed consents to join this action. H, of the 42 individuals who filed consents to join this action, only 14 of those individuals were employed and worked overtime during the

period set by the class definition; the other 28 plaintiffs were withdrawn by a notice of withdrawal of consents to join filed with the Court (Dkt. No. 45).

Settlement agreements resolving FLSA claims are typically subject to court approval. *See Younger v. Ctrs. for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.*; *see also Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *see also Anthony v. Concrete Supply Co., Inc.*, No. 3:16-cv-70-TCB, 2017 WL 5639933, at *1 (N.D. Ga. August 23, 2017) (applying the *Dees* approach).

At the request of the parties, having reviewed the Settlement Agreement signed by Mr. Roberts and Place 10, the Court determines that the Settlement Agreement both provides plaintiffs a reasonable recovery and furthers the implementation of the FLSA in the workplace. Therefore,

the Court grants the joint motion to dismiss and for approval of settlement agreement and approves the Settlement Agreement (Dkt. Nos. 44; 44-1).  The action is dismissed with prejudice and without costs to any party, except to the extent otherwise expressly provided by agreement of the parties.

It is so ordered, this the 6th day of December, 2022.

_____
Kristine G. Baker
United States District Court Judge